JOURNAL ENTRY AND OPINION
The court, sitting without a jury, found defendant Jamill Williams guilty of two counts of robbery and one count of possession of criminal tools. In this appeal defendant complains the verdict is against the manifest weight of the evidence and the court abused its discretion by failing to declare a mistrial as a result of prosecutorial misconduct.
The state's evidence showed that two victims had been beaten and robbed of marijuana, clothing and electronic equipment. The victims were using a pay telephone when they were approached by two males who were looking to buy marijuana. When the victims said that they did not have any marijuana, the assailants grabbed them and put them in chokeholds. One of the assailants asked the other if he had the gun, and then said, my man going to have to shoot you. The victims were pulled to the side of a house, and two more men, one of whom the victims identified as defendant, joined in beating the victims. The four assailants took the victims' shoes, a hooded sweatshirt, a pager, and a personal stereo and fled in a gray vehicle.
The victims called the police and gave a description of the vehicle. Police officers in a zone car heard a broadcast of the crime and positioned themselves in a path that they thought might intersect with a route taken by a vehicle fleeing from the scene. Within minutes, the officers spotted and stopped the vehicle being driven by defendant. The passengers were held for a cold stand lineup at which the victims made positive identifications. The car also contained the items taken during the robbery.
Defendant testified and denied any active part in the robbery. He said that he and the other three men involved in the offense were driving to an adult nightclub when they decided to stop for beer. Defendant exited the car and entered the store, but was refused service because he did not have proper identification. When he came back to the car, he noticed that two of his friends were no longer in the car. The remaining occupant of the car told defendant that the other two left the car to look for marijuana. Defendant drove in the direction that the two had walked and soon heard his companion telling him to stop. The other two men entered the car and showed off a large bag of marijuana. Defendant did not see any other items on his two companions. He then stopped to make a telephone call. When he reentered the car, the two men who had the marijuana were telling him to hurry and take the freeway home. Not realizing why his friends were so anxious, defendant decided to take the less direct scenic route. They were stopped moments later.
 I
The first assignment of error complains the court abused its discretion by failing to declare a mistrial on grounds of prosecutorial misconduct. Defendant maintains the state tried to lead the court to believe that he had participated in another robbery occurring the same evening as the offenses charged in the indictment. Defendant claims the state had no evidence to support any allegation that he had participated in another robbery, and only mentioned the robbery in an attempt to unfairly prejudice and mislead the court.
The misconduct of a prosecutor cannot be grounds for error unless the conduct deprives the defendant of a fair trial by prejudicially affecting the substantial rights of the accused. State v. Lane (1995),108 Ohio App.3d 477, 483. In a bench trial, the trial court is presumed to rely only on relevant, material and competent evidence in arriving at its judgment. Lane, 108 Ohio App.3d at 484, citing State v. Richey (1992), 64 Ohio St.3d 353, 357-358.
Not only did the court sustain objections to questions about the previous robbery, but it expressed its displeasure in the questioning in such firm terms that it would be impossible to find prejudice on this record. When the state asked about the earlier robbery, defense counsel objected and pointed out that you've instructed her already. The court replied:
 Yeah, I have and if you want to pursue it, why don't you indict the guy for it and then try him on that one. We're not trying it here because he has not had an opportunity to prepare to defend this man on that charge. I don't want to hear any more about [the previous robbery] or his involvement in it.
Given the court's remarks, we cannot say that suggestions about a previous robbery occurring the same evening as the robberies charged in this case was so prejudicial as to deny defendant a fair trial. The first assignment of error is overruled.
 II
The second assignment of error is that the verdict is against the manifest weight of the evidence. Defendant points to certain inconsistencies in the victims' testimony and the uncertainty one of the victims expressed when identifying defendant as a perpetrator.
When reviewing a claim that a verdict is against the manifest weight of the evidence, we have the duty to weigh the evidence and determine the findings of the trier of fact were so against the weight of the evidence as to require a reversal and retrial. State ex rel. Squire v. City of Cleveland (1948), 150 Ohio St. 303, 345. We conduct our review of the evidence recognizing that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
Defendant's primary contention is that the victims did not make a positive identification of defendant because he stated, I'm pretty sure I seen him, but more than likely its him. What defendant omits is the next question But how sure are you? The victim replied, I'm about a hundred percent sure. The victim later recounted that he previously met defendant while they were locked up together. Moreover, this victim said he knew that defendant had been present during the robbery because he remembered defendant's clothing.
The other victim also positively identified defendant as being on the scene, telling the court that defendant spoke about a murder that had occurred nearby and telling the victim to tell everybody that St. Clair was coming to get theirs.
With these positive identifications, as well as the stolen items recovered from the car, the court could reasonably find defendant had been involved in the offense. The inconsistencies pointed to were insignificant in light of this evidence. The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. KENNETH A. ROCCO, J., CONCUR.
 ___________________ JOHN T. PATTON JUDGE